the president deliver» ed the following opinion of this Court s
“ The Court is of opinion, that Gavin Lawson, by covenant, was bound to make a title to the appellant, for all the lands specified in his contract, bearing date the 26th of August, 1801 ; and that it was not competent for him to throw off any portions thereof, (as being in dispute,) because, out of the residue, he could make up the quantity of'fifteen hundred acres; the appellant being entitled, by the agreement, to the residue, if comprehended within the boundaries shown him, (and which Lawson then claimed to hold,) and to compensation therefor, in case of eviction. By this it is not intended, that Lawson was bound to convey the lands which he had heretofore agreed to give in exchange to Roútt; although the legal title may have remained in him, and the title not acquired for the land got in exchange, the latter being the land which he contracted to convey; nor was he bound to convey lands which had heretofore been established, by arbitration or compromise, not to belong to him, if any such there be; although his title papers may comprehend the same, unless such lands were held and claimed by him at the time of the sale, and shown as part of the land sold.*
“ This Court is also of opinion, that if Lawson’s title, in all other respects, had been complete, he was to blame in not making a conveyance, according to contract, on the first day pf December, 1801, when the appellant was *337 ready to give bond and security ; a knowledge of the number of acres being unnecessary to a completion of the title, and only necessary at a future day, in order to ascertain whether any, and what, deduction should be made from the purchase money.
“ Whether the title was then complete in Lawson, or whether he, or those claiming under him, ever have been able to make an indefeasible conveyance of the lands sold, or such a title thereto, as, agreeably to the principles of equity, would authorize a resort to that Court for a specific performance, or other relief, on giving bond to guard against remote and improbable contingencies, this Court cannot undertake to decide ; the title being under such a cloud as to have made a reference and report necessary, in order to a correct judgment thereon; and? particularly, as the party came here for relief.
“ The Court is further of opinion, that, as the appellant was ready, on the first day of December, 1801, to give bond and security, when it appears that Lawson considered himself not ready to convey; and, more especially, if he was unprepared to make a title, even at the institution of this suit, (as is suggested,) it was too rigorous to decree an absolute sale of the land on short notice ; the appellant having been kept out of his title, and, consequently, deprived of the power to make sale of the property, so as to meet the growing instalments j that such decree would still be more oppressive, if it is true, (as is suggested,) that parts of the land actually sold, were thrown out of the survey, and the title only offered for the residue; should it, therefore, hereafter appear, on a reference of the title papers, and survey, to be made as herein after directed, that this contract can, according to the principles of equity, be enforced on both sides ; yet, from the facts, as now disclosed, the Court is of opinion, that the decree ought to be for a specific performance ; (the party having only stipulated for a personal security for his debt;) and only in the event that such bond and security is not given within a *338 reasonable time after the title is made and deposited iu Court, and approved of by the judge, and after the ap~ pellees shah have performed such other acts as the Court may enjoin upon them, to hold the land bound for the pUrcp,ase money, and to direct a sale thereof, after allowing such reasonable time, as is customary in cases of mortgages, to redeem the same by the payment of the debt and interest.
“ Therefore, it is decreed and ordered, that the said decree be reversed, &c.; and that the cause be remanded to the said Court of Chancery, with directions to the Chancellor to order a survey of the lands, to be made by the parties, in the presence of commissioners, according to the directions of each party ; and also in such way as the commissioners may direct; in order to ascertain, as well the quantity of the land sold, as whether any part, or parts thereof, and what parts have been thrown off by the surveyor, Spillman, in making the survey in the proceedings mentioned ; and that they report all matters specially. Also, that the title to the lands in controversy be referred to some proper commissioner, who is to examine and make report thereon to the Court; and although the Court would not have remanded the cause for that purpose alone, yet, as commissioners are appointed for the above purposes, the appellant is to have liberty to show, and prove to them, if he can, what parts of the personal property stipulated for, have not been delivered under the contract, and the value thereof; which they are to state and report, in order to a final decree»1*

 Note. Beverley, in his answer, states, that, before be made tlie contract, be “ examined the lines and boundaries of the lands, accompanied by two persons who were in the employment of Lawson, in order to have the lines accurately shown him.” But what lines were shown him are no't set forth in the answer.